# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEDLAUREL, INC. D/B/A/ LAUREL MANUFACTURERS, INC., <br><br>Plaintiff, <br><br>v. <br><br>MSL PRODUCTIONS, LLC, USSE CORP., UNION SQUARE SPORTS AND ENTERTAINMENT, INC., MSL SPORTS AND ENTERTAINMENT, LLC, AND GARY CIOFFI, <br><br>Defendants. | Civil Action No. 08-cv-06317 (KMW)(NLH) <br><br><br>**STIPULATION OF DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(ii), WITH PREJUDICE, AND CONSENT ORDER REGARDING SETTLEMENT AGREEMENT** |

This matter comes before the Court upon the application of Medlaurel, Inc. d/b/a Laurel Manufacturers, Inc., MSL Productions, LLC, USSE Corp., Union Square Sports and Entertainment, LLC and Gary Cioffi (collectively, the "Parties") that the Court enter this Stipulation of Dismissal Pursuant Fed. R. Civ. P. 41(a)(1)(ii), With Prejudice, and Consent Order Regarding Settlement Agreement, and the Parties and their counsel having agreed as set forth below as evidenced by their signatures also appearing below, and good cause has been shown for the entry of this Stipulation of Dismissal and Consent Order,

IT IS THEREFORE on this 14th day of December, 2012, Ordered as follows:

1. Subject to the settlement terms expressly set forth below and to be included in a Settlement Agreement and Mutual Release (the "Settlement Agreement") executed by and among the Parties, it is hereby stipulated and agreed among the Parties that all claims and defenses in this matter shall be and hereby are released with prejudice pursuant to Fed. R. Civ. P. 41 (a)(1)(ii).

2. Defendants Gary Cioffi and MSL Productions, LLC agree, jointly and severally, to pay Plaintiff One-Hundred-Thousand Dollars ($100,000.00) as follows: (1) the first payment will be in the amount of Twenty-five Thousand Dollars ($25,000) and shall be made immediately upon execution by the parties of the within agreement (2) the next payment in the amount of Twenty-five Thousand Dollars ($25,000) shall be made on or before the fifteenth day after execution of the within agreement; (3) the next payment in the amount of Twenty-five Thousand Dollars ($25,000) shall be made on or before the thirty-first of March, 2013; (4) the final payment shall be made on or before the thirtieth day of June 2013 (collectively, the "Installment Payments"). All payments shall be made via wire transfer to Blank Rome LLP. Cioffi and MSL also agree to expeditiously execute such other documents including security agreements and confessions of judgment as are reasonably related to this agreement.

3. The obligations of Defendants Gary Cioffi and MSL Productions, LLC to pay the Installment Payments set forth in paragraph 2 will be evidenced and memorialized by a Promissory Note executed by MSL Productions, LLC in the original principal amount of $375,901.57 and a promissory note executed by Gary Cioffi, individually, in the principal amount of $100,000. The obligations of Defendants Gary Cioffi and MSL Productions, LLC to pay the Installment Payments set forth in paragraph 2 will be further evidenced and memorialized by an Affidavit of Confession of Judgment executed by each of Gary Cioffi, in his individual capacity, and MSL Productions, LLC, with MSL authorizing confession of judgment for the amount of $375,901.57 and Gary Cioffi authorizing confession of judgment for the amount of $110,000 (notwithstanding that the Settlement Agreement calls for payments of $100,000)..

2

4.  The Defendants further agree to share with Plaintiff any recovery from the Defendants' existing and future lawsuits against the Jack Russell Group and its affiliates, including the lawsuit encaptioned *MSL Productions, Inc., MSL Productions, LLC and Gary Cioffi v. IMS Group LLC d/b/a Jack Russell Group, IRA Waks, Richard Rathe, Glenn Mark, Jonathan Waks, and Brooks Nelson*, Index No. 018657/2010, currently pending in the Supreme Court of the State of New York, County of Nassau ("the JRG Lawsuit") and against Jones New York and its affiliates, as follows (collectively, the "Recovery Payments):

   a)  Plaintiff shall be entitled to the first $100,000 recovery realized from either lawsuit, less the amount of any paid Installment Payments paid to Plaintiff pursuant to the Settlement Agreement;

   b)  After Plaintiff's receipt of the first $100,000 from the recovery set forth above or the Installment Payments, the Defendants shall be entitled to 75% of the lesser of (i) the actual legal fees and costs incurred in the JRG Lawsuit, or (ii) $50,000;

   c)  Thereafter, the next $80,000 from the recovery realized from both lawsuits shall be split equally (50% / 50%) between the Defendants and Plaintiff; and

   d)  Thereafter, the aggregate remaining amounts recovered from both lawsuits shall be split with 65% of such amounts paid to the Defendants and 35% of such amounts paid to Plaintiff.

5.  The Parties agree that any recovery from the claim against Jones New York will be net attorneys' fees and costs.

6.  The Defendants' obligation to make any payment set forth in Paragraphs 2 and 5 herein will be secured by a first priority security interest in and lien upon the Collateral defined and described in a Security Agreement executed by the Defendants in favor of Plaintiff, which includes, but is not limited to the lawsuits described in Paragraph 5 above, and all proceeds arising therefrom or relating thereto. Should Cioffi and/or MSL Production, LLC fail to make the payments, judgment shall be against MSL productions $375,901.58 less any payments made

by either Cioffi or MSL and against Gary Cioffi for $110,000 less any payments made by either Cioffi or MSL; provided however that the gross amount of any such judgment shall be reduced by the amounts transmitted to Laurel prior to the entry of any such judgment. By way of example, if judgment is entered after Laurel has received $50,000, the judgment against Cioffi would be $60,000 and the judgment against MSL would be $325,901.58; and it being further understood that in no event would the total amount of payments to Laurel both before and after entry of judgments will exceed $375,901.58 (unless such sum is exceeded pursuant to recoveries from Jones New York and/or Jack Russell Group).

7. In the event either party brings a dispute regarding the Settlement Agreement, or any related instrument, agreement or document, or this Order, to the Court for resolution, the Court shall award reasonable attorneys' fees and costs to the prevailing party. In addition, if Plaintiff brings any motion or action to enforce and/or collect overdue payments, or otherwise enforce the Agreement, Plaintiff shall be entitled to interest in the amount of 18% per annum on the unpaid balance as set forth in the Promissory Notes executed by Cioffi and MSL.

8. Each party shall bear its own fees and costs incurred to date in this action.

9. The parties agree that the Court will retain jurisdiction over this matter until all obligations hereunder have been satisfied, or August 31, 2013, to adjudicate any dispute arising from the Settlement Agreement and any related Agreements, and to award any legal or equitable relief it deems appropriate.

**THE REST OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK**

130731.00601/50427814v.3

Dated: 12/13/2012

BLANK ROME, LLP
*A Pennsylvania LLP*
Attorneys for Plaintiff

_____
Nicholas C. Harbist, Esq.
301 Carnegie Center
Princeton, New Jersey 08540
(609) 750-2991

Dated: 12/13/2012

ZUCKER STEINBERG SONSTEIN &
WIXTED
A Professional Corporation
Attorneys for the Defendants

_____
Saul J. Steinberg, Esq.
415 Federal St.
Camden, New Jersey 08103-1194
(856) 365-0080

SO ORDERED:

_____
HON. NOEL L. HILLMAN
United States District Judge

Dated: December 14, 2012

5

130731.00601/50427814v.3